Deaderick, J.,
delivered the opinion of the Court.
The complainants are exeeutors of Michael Pearson, deceased, and filed their bill in the Chancery Court at Tazewell, for the construction of his will, and for other purposes.
The only question submitted for our determination, is whether the ■ defendant, Joseph H. Davis, is entitled, as administrator of his wife, Elizabeth, who was a daughter of testator, to the bequests to her in the will, or whether the same goes to her distributees and heirs at law.
By the fourth clause of the will, the testator be *594 queaths to his daughter, Elizabeth Davis, wife of Joseph H. Davis, the defendant, five hundred dollars.
By the fifth clause of the will, testator directs all his personal estate to he sold, and his debts to be collected, and the amount to be equally divided between his four daughters, Elizabeth Davis being one, and his son, Jefferson Pearson. Elizabeth Davis died after the death of testator.
The tenth clause of the will is as follows: “It is my wish and desire that all I have bequeathed to my daughter, Elizabeth Davis, be to her own self and sepa-arate use, and her heirs, without the control of her husband, Joseph H. Davis, or his heirs or representatives, and not liable to his control; and the more effectually to carry out this, my will and desire, I hereby appoint my executors, hereafter named, to be trustees for my said daughter Elizabeth, to receive and keep in their hands as such, all that may be coming to her under this will, to hold the same for her own sole and separate use, benefit and maintenance during the continuance of her marriage, upon the dissolution of which, it is to be paid over to her to be by said trustees loaned out at interest, and the annual interest paid over to her for her own use, and to dispose of as she may please, and from time to time, to pay over to her or her use, such portion of the principal as may be necessary or proper in the discretion of said trustees.” Davis and his wife were living . separately at the time of the making of the will. The husband’s right to the property left his wife by her father must depend upon the construction of the tenth clause of the will.
*595 That the testator had a right to exclude the marital. right of the defendant, altogether and absolutely, or only during the marriage, there can be no doubt. A husband "will not be deprived of his wife’s property, to which he is entitled by law, unless the intention be clear that he shall not derive any benefit from it. And if, from the just interpretation of the instrument, conferring a right to property upon a married woman, it appears that in no event shall the husband take any interest therein, a court of equity will carry into effect the intention of the donor or the grantor of the right.
No particular form of words is necessary to raise a trust for the use of the wife, or to exclude the marital rights of the husband. But whenever it appears from the nature of the transaction, or from the whole context of the instrument conveying the property to the wife, that she was intended to have it to her sole use, and that the marital rights of the husband were intended to be altogether excluded, such intention will be carried out by a court of equity.
In the case of Loftus v. Penn, 1 Swan, 446, the complainant and Ann E. Hargrove, in contemplation of marriage, entered into a written contract, conveying certain slaves of Ann E. to a trustee, in which it was stipulated “that the same shall be held and managed by Nathan Loftus, (the testator,) to and for the sole and separate use, benefit and disposal, of the said Ann E., and that the same shall, in no manner, be subject to the control, direction or disposal of the said Ralph ~W. Lof-tus, the intended husband, or liable for any of his debts; and the said Ralph W. shall not intermeddle with the said slaves or other property, or its produce;” and *596 in default of a sale or disposition by will by tbe said Ann E., her administrator was to keep and dispose of said slaves and other property, and said Ralph W. was not to intermeddle therewith.
These provisions of the contract were held to be total exclusion of the marital rights' of the husband, to the property left by the wife at her death, and the property not having been disposed of by the wife in her life-time, went under the statute of distributions, to her next of kin.
It is manifest, from the language employed, and the appointment of the trustee to hold the property, that the testator designed to exclude Joseph H. Davis from all control over, or right to, the bequests to his daughter, not only during her coverture, but ever afterward. He says, these bequests to her are “to be to her own self and separate use, and her heirs, without the control of her husband, or his heirs or representatives;” and again .he says, “ to her own sole and separate benefit and maintenance, during the continuance of her marriage; upon the dissolution of which, it is to be paid over to her,” &e. He provides not only against the right or control of the husband, but also against the claim of his heirs or representatives,” and explicitly declares that his heirs or representatives shall be excluded after his death, as that he himself - shall be, during his life, from any control over the bequests to the said Elizabeth. The will also provides that the trustees shall keep the fund in their hands for the said Elizabeth, during the continuance of the marriage, and upon its dissolution, pay it over to her.
This rather remarkable provision implies that testator *597 espected his daughter would obtain a divorce from, or survive her husband. And it is a further manifestation of his intention, that the defendant, Davis, should not take any interest in, or ' control of, his bequests to his daughter during her coverture, or after the dissolution of the marriage.
We therefore hold, that the defendant is not entitled to take the interest of his wife in her father’s estate, under his will. But the same will go under the statute of distribution, to her next of kin. The Chancellor so held, and we affirm his decree.
Let the cause be remanded for further proceedings.